IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**TIMOTHY WAYNE MCCOY,**

        Petitioner,

v.                                                               CIVIL ACTION NO. 2:11cv76
                                                                        (Judge Bailey)

**WARDEN KUMA J. DEBOO,**

        Respondent.

## REPORT AND RECOMMENDATION

### I. BACKGROUND

On September 29, 2011, the *pro se* petitioner filed an Application for Habeas Corpus Pursuant to 28 U.S.C. §2241 and tendered the $5.00 filing fee.. The petitioner is a federal inmate housed at FCI Gilmer and is challenging the validity of his conviction imposed by this Court. This matter is pending before me for a Report and Recommendation pursuant to LR PL P 2.

### II. FACTS

The petitioner was convicted in 1993 of operating a continuing criminal enterprise ("CCE"), conspiring to manufacture and distribute marijuana, money laundering, tax evasion, and suborning perjury. See United States v. McCoy, 188 F.3d 504 (4th Cir. 1999). On appeal to the Fourth Circuit, the petitioner's conspiracy conviction was vacated for being a lesser-included offense of operating a CCE, but the remainder of his convictions was affirmed. Id. The petitioner subsequently filed a Motion to Vacate his sentence under 28 U.S.C. § 2255, which was denied. Id. Petitioner now attacks the validity of his conviction via a §2241 petition in which he asserts the illegality of his detention and actual innocence.

### III. ANALYSIS

The primary means of collaterally attacking a federal conviction and sentence is through a motion pursuant to 28 U.S.C. § 2255. A § 2241 petition is used to attack the manner in which a sentence is executed. Thus, a § 2241 petition that challenges a federal conviction and sentence is properly construed to be a § 2255 motion. The only exception to this conclusion is where a § 2241 petition attacking a federal conviction and sentence is entertained because the petitioner can satisfy the requirements of the "savings clause" in § 2255. Section 2255 states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255 (emphasis added).

The law is clearly developed, however, that merely because relief has become unavailable under § 2255 because of a limitation bar,[1] the prohibition against successive petitions, or a procedural bar due

---

[1] In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ["AEDPA"] was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. §2255.
The limitation period shall run from the last of:
a. The date on which the judgment of conviction becomes final;
b. The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
c. The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
d. The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2255. Here, the petitioner's conviction became final when the time for filing a direct appeal expired. Aikens v. United States, 204 F.3d 1086, 1089 n. 1 (11th Cir. 2000), The time for filing his direct appeal expired ten days after the written judgment of conviction was entered on the criminal docket. See Fed. R.Ap. P. 4(b)(A)(1), (6). Accordingly, the petitioner's conviction became final on, or about September 19, 2008. Therefore, he had until September 20, 2009, to file a § 2255 petition, and he is now time-barred from filing such a petition.

to failure to raise the issue on direct appeal, does not demonstrate that the § 2255 remedy is inadequate of ineffective. In re Vial, 115 F. 3d 1192, 1194 (4th Cir. 1997). Moreover, in Jones, the Fourth Circuit held that:

> §2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first §2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of §2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333-334 (4th Cir. 2000).

In this case, the petitioner asserts that he is actually innocent. However, in order to raise a claim of actual innocence under § 2241, the petitioner must first establish that he is entitled to review under § 2241 by meeting the Jones requirements.[2] This the petitioner has not, and cannot, do. Even if the petitioner satisfied the first and the third elements of Jones, the crimes for which the petitioner was convicted remain criminal offenses, and therefore the petitioner cannot satisfy the second element of Jones. Therefore, because the petitioner clearly attacks the validity of his conviction and sentence, and fails to establish that he meets the Jones requirements, the petitioner has not demonstrated that § 2255 is an inadequate or ineffective remedy and has improperly filed a § 2241 petition.

---

[2] See Bousley v. United States, 523 U.S. 614, 623 (1998) (In order to "open the portal" to a § 2241 proceeding, the petitioner must first show that he is entitled to the savings clause of § 2255. Once those narrow and stringent requirements are met, the petitioner must then demonstrate actual innocence. Actual innocence means factual innocence, not mere legal insufficiency.); see also Herrera v. Collins, 506 U.S. 390, 404 (1993) ( "A claim of 'actual innocence' is not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits."); Royal v. Taylor, 188 F. 3d 239, 243 (4th Cir. 1999) (federal habeas relief corrects constitutional errors). Thus, a freestanding claim of actual innocence is not cognizable in federal habeas corpus and such claim should be dismissed.

## IV. RECOMMENDATION

Based on the foregoing, the undersigned recommends that the petitioner's petition be **DENIED WITH PREJUDICE** and his Motion Requesting Leave of Court to Obtain Names and Last Known Addresses of All Jurors (Doc. 3) be **DENIED AS MOOT**.

Within fourteen (14) days after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable John Preston. Bailey, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet..

DATED: 10-4-2011

_____
DAVID J. JOEL
UNITED STATES MAGISTRATE JUDGE