IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
ELKINS

**TIMOTHY WAYNE MCCOY,**

      Petitioner,

v.                                                        Civil Action No. 2:11-CV-76
                                                               (Bailey)

**WARDEN KUMA J. DEBOO,**

      Respondent.

## ORDER ADOPTING AMENDED REPORT AND RECOMMENDATION

### Introduction

On this day, the above-styled matter came before this Court for consideration of the Amended Report and Recommendation of the United States Magistrate Judge David J. Joel [Doc. 7]. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Joel for submission of a proposed report and recommendation ("R&R"). Magistrate Judge Joel filed his R&R on October 4, 2011 [Doc. 6]. An Amended R&R was also filed on October 4, 2011 [Doc. 7]. In that filing, the magistrate judge recommended that this Court deny with prejudice the petitioner's Petition for Writ of Habeas Corpus [Doc. 1] and deny as moot the petitioner's Motion Requesting Leave of the Court to Obtain Names and Last Known Addresses of All Jurors, Excluding Juror Matthew Smith [Doc. 3]. *See* Doc. 7 at 3.

Pursuant to 28 U.S.C. § 636 (b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. **Thomas v. Arn**, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo*

review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); **Snyder v. Ridenour**, 889 F.2d 1363, 1366 (4th Cir. 1989); **United States v. Schronce**, 727 F.2d 91, 94 (4th Cir. 1984). Here, objections to Magistrate Judge Joel's Amended R&R were due within fourteen (14) days of receipt, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. The docket reflects that service was accepted on October 5, 2011 [Doc. 9]. The petitioner timely filed his objections on October 17, 2011 [Doc. 10]. Accordingly, this Court will review the portions of the Amended R&R to which objection was made under a *de novo* standard of review. The remaining portions of the Amended R&R will be reviewed for clear error.

## Factual and Procedural History

In 1993, the petitioner was convicted of operating a continuing criminal enterprise, conspiring to manufacture and distribute marijuana, money laundering, tax evasion, and suborning perjury; the petitioner appealed to the Fourth Circuit Court of Appeals ("Fourth Circuit"), which vacated the conspiracy conviction and affirmed the other convictions. **United States v. McCoy**, 188 F.3d 504 (4th Cir. 1999). The petitioner then filed a Section 2255 Motion to Vacate Sentence, which was dismissed by the district court; the appeal of this ruling was also dismissed by the Fourth Circuit. ***Id.***

On September 29, 2011, petitioner filed a Petition for Writ of Habeas Corpus Against Kuma J. Deboo [Doc. 1] and a Motion Requesting Leave of the Court to Obtain the Names and Last Known Address of All Jurors Who Deliberated the 1993 McCoy Trial, Excluding Juror Matthew Smith [Doc. 3]. On October 4, 2011, Magistrate Judge David J. Joel filed his Report and Recommendation [Doc. 6], followed by his Amended Report and Recommendation [Doc. 7]. Petitioner timely filed his Written Objections to Amended

2

Report and Recommendation [Doc. 10] on October 17, 2011.

In his Petition for Writ of Habeas Corpus Against Kuma J. Deboo, the petitioner states that he is "being detained under the imposition of an illegally obtained conviction and sentence . . . " [Doc. 1 at 1-2]. In his Motion Requesting Leave of the Court to Obtain the Names and Last Known Address of All Jurors Who Deliberated the 1993 McCoy Trial, Excluding Juror Matthew Smith, the petitioner states that there is a conflict between the court's account and his recollection of the events during deliberation of the 1993 trial. In particular, the petitioner states that the "court's presentation of giving an Allen Charge to the hung jury was opposite and in no way a reflection of the actual events" [Doc. 3 at 1]. He argues that he needs the requested information so that he may "contact each juror and obtain affidavits reflecting the actual accounts and expansion of the record" [*Id.* at 2].

## Applicable Law

Individuals convicted in federal court are "required to bring collateral attacks challenging the validity of their judgment and sentence by filing a motion to vacate sentence pursuant to 28 U.S.C. § 2255. ***In re Vial***, 115 F.3d 1192, 1194 (4th Cir. 1997). If section 2255 proves "inadequate or ineffective to test the legality of [the] detention," then the petitioner may file a section 2241 writ of habeas corpus. ***Id.***, *relying on* 28 U.S.C. § 2255.[1]

---

[1]28 U.S.C. § 2255 provides the following:
An application for a writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless is also appears that the remedy by motion is inadeqaute or ineffective to test the legality of his detention.
28 U.S.C. § 2255(e).

3

The Fourth Circuit has ruled that section 2255 is inadequate and ineffective to test the legality of a conviction when three elements have been met. ***In re Jones***, 226 F.3d 328, 333-34 (4th Cir. 2000). First, "at the time of the conviction, settled law of [the relevant] circuit or the Supreme Court established the legality of the conviction . . .." ***Id.*** Second, after the convicted individual has completed his or her appeal and first section 2255 motion, "the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal . . .." ***Id.*** Third, the convicted individual "cannot satisfy the gate-keeping provisions of § 2255 because the new rule is not one of constitutional law." ***Id.***

**Discussion**

Petitioner filed his objections to the magistrate judge's Amended R&R on October 17, 2011 [Doc. 10]. In his objections, petitioner objects to the recommendation by the magistrate judge that the Court deny the defendant's petition and motion [*Id.*].

Petitioner's Objections

1. Actual Innocence Claim

Petitioner objects to the last paragraph of the analysis section of the Amended R&R, which addresses petitioner's actual innocence claims. The Amended R&R states that "a free standing claim of actual innocence is not cognizable in federal habeas corpus . . ." [Doc. 7 at 4, n.2]. The Amended R&R concludes that the petitioner "has not demonstrated that § 2255 is an inadequate or ineffective remedy" and that the "crimes for which the petitioner was convicted remain criminal offenses," making it impossible for the petitioner to meet the second ***Jones*** requirement [*Id.* at 4]. The petitioner argues that the "legality

4

of detention cannot be tested by and through successive § 2255 [sic] [because it] is inadequate and ineffective" [Doc. 10 at 2]. He further argues that his sentence is "based upon an act for which [he] was convicted [but] is no longer a crime that [he] commited [sic], but a crime commited [sic] by two other people" [*Id.* at 2].

A petitioner must establish that he or she is entitled to review under section 2241 before he or she may raise an actual innocence claim. **Bousley v. United States**, 523 U.S. 614, 623 (1998). In this case, the petitioner cannot establish that section 2255 is an inadequate remedy. Without addressing the first and third **Jones** requirements, this Court finds that the petitioner has not demonstrated the second requirement that "the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal . . .." Without meeting this second requirement, the petitioner cannot fulfill the **Jones** requirements, even if he were able to meet the other two requirements. Because the petitioner does not fulfill the **Jones** requirements, he has not demonstrated that section 2255 is inadequate and ineffective to test the legality of a conviction. See **Vial**, 115 F.3d at 1194; 28 U.S.C. § 2255(e). Therefore, this Court finds that petitioner's Petition for Writ of Habeas Corpus [Doc. 1] should be denied and hereby **OVERRULES** the petitioner's objection.

2. Mootness of the Motion to Contact Jurors

The petitioner's second objection is to the magistrate judge's determination that the motion to contact jurors should be denied as moot [Doc. 10 at 4, referring to Doc. 7 at 3]. The petitioner argues that the motion to contact jurors should not be considered moot because it has nothing to do with his section 2241 motion [*Id.* at 4]. The petitioner states

5

that "[i]t stems from yet another rights violation," listing the right to a transcript of federal court proceedings, the right to appeal, and the right to due process [*Id.*]. He also states the Court Reporter Act has been violated [*Id.*]. However, the Memorandum in Support of the Motion to Contact Jurors states that it is being brought pursuant to 28 U.S.C. § 2241 [Doc. 3-1 at 1] and refers to his section 2241 Petition for Writ of Habeas Corpus [*Id.* at 4]. In addition, the petitioner's Motion to Contact Jurors was filed the same day as the Petition for Writ of Habeas Corpus and in the same docket as that petition. As such, this Court finds that the petitioner's Motion Requesting Leave of the Court to Obtain Names and Last Known Addresses of All Jurors, Excluding Juror Matthew Smith [Doc. 3] will be moot upon the denial of the Petition for Writ of Habeas Corpus [Doc. 1] and hereby **OVERRULES** the petitioner's objection.

## Conclusion

Upon careful review of the report and recommendation, it is the opinion of this Court that the magistrate judge's Amended Report and Recommendation **[Doc. 7]** should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's amended report. Further, the plaintiff's Objections **[Doc. 10]** are **OVERRULED**. Accordingly, the petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 **[Doc. 1]** and Motion Requesting Leave of the Court to Obtain the Names and Last Known Address of All Jurors Who Deliberated the 1993 McCoy Trial, Excluding Juror Matthew Smith **[Doc. 3]** are hereby **DENIED** for the same reasons as stated above. As such, the same is hereby **DISMISSED WITH PREJUDICE** and **ORDERED STRICKEN** from the active docket of this Court. The Clerk is directed to enter a separate judgment in

6

favor of the respondent.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* plaintiff.

**DATED:** October 26, 2011.

_____
JOHN PRESTON BAILEY
CHIEF UNITED STATES DISTRICT JUDGE